UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

JAN 2 4 2006

MICHAEL N. MILBY, CLERK OF COURT

| | | |
|---|---|---|
| **THE YORK GROUP, INC.** | § | |
| | § | |
| **Plaintiff,** | § | **H-06  -0262** |
| | § | **C. A. No.**_____ |
| **v.** | § | |
| | § | |
| **YORK SOUTHERN, INC., ELLIS** | § | **JURY DEMAND** |
| **MELTON COMPANY, INC., and** | § | |
| **PRESLEY MELTON,** | § | |
| | § | |
| **Defendants.** | § | |

<u>**DEFENDANTS' NOTICE OF REMOVAL**</u>

Defendants file this Notice of Removal under 28 U.S.C. § 1446(a).

1.     YORK SOUTHERN, INC., ELLIS MELTON COMPANY, INC., and PRESLEY MELTON are defendants in a civil action commenced on December 30, 2005, in the 152nd Judicial District Court for Harris County, Texas, Cause No. 2005-81937; entitled *The York Group, Inc. v. York Southern, Inc., Ellis Melton Company, Inc., and Presley Melton.*

2.     Defendants were served and received a copy of the Plaintiff's Original Petition on January 13, 2006.  The following constitutes all of the process, pleadings, and orders served upon Plaintiff and Defendants in this action:

(a)     Plaintiff's Original Petition (attached hereto as Exhibit "A")

3.     Removal is proper because Plaintiff's suit involves a federal question and it is also subject to federal diversity jurisdiction.  *See* 28 U.S.C. §§ 1331, 1441(b) (federal question jurisdiction).  *See also* 28 U.S.C. § 1332 (diversity jurisdiction).

4.     Plaintiff's claims arise under 15 U.S.C. §§ 1114(1) and 1125(a) (the Lanham Act).  The specific federal claims alleged against Defendants include infringement of a federally

426716-1                                        1

registered trademark under the federal trademark statute, and the action seeks compensatory damages, treble damages, punitive damages, attorney's fees, costs and interest under federal statutes. *See* Exhibit "A." The district court of the United States have original jurisdiction of all actions arising under the Lanham Trademark Act. *See* 15 U.S.C. § 1121(a). Such claims are removable to federal court. *See Lanata v. Bellsouth Adver. & Publ'g Corp.*, 2003 U.S. Dist. LEXIS 15365 (E.D. La., August 28, 2003).

5.     Additionally, under 28 U.S.C. § 1332, this suit is subject to federal diversity jurisdiction as Plaintiff is a Delaware corporation with its principle place of business in Pennsylvania. Defendant York Southern, Inc. is an Arkansas corporation. Defendant Ellis Melton Company, Inc. is an Arkansas corporation. Defendant Presley Melton is an individual residing in Arkansas. Furthermore, the amount in controversy in this matter, while not pled with specificity by Plaintiff in its Petition, certainly exceeds $75,000 based on the nature of the claim.

6.     All Defendants join in this Notice of Removal, therefore, no consent is lacking or needed from any other party. *See* 28 U.S.C. § 1446(a).

7.     Defendants will file a copy of this Notice of Removal with the clerk of the Harris County District Court.

8.     Plaintiff has requested a jury trial.

Considering the foregoing, Defendants remove the above action now pending in the 152nd Judicial District Court of Harris County, Texas, Cause No. 2005-81937; entitled *The York Group, Inc. v. York Southern, Inc., Ellis Melton Company, Inc., and Presley Melton* to this Court.

Dated: January 24, 2006

Respectfully submitted,

Douglas H. Elliott
Attorney In Charge
Texas Bar No. 06535900
S.D. Tex. No. 7830
PATTERSON & SHERIDAN, LLP
3040 Post Oak Blvd., Suite 1500
Houston, Texas 77056
Tel: (713) 623-4844
Fax: (713) 623-4846
E-mail: delliott@pattersonsheridan.com

OF COUNSEL:

David L. Clark
Texas Bar No. 24036367
PATTERSON & SHERIDAN, LLP
3040 Post Oak Blvd., Suite 1500
Houston, Texas 77056
Tel: (713) 623-4844
Fax: (713) 623-4846
E-mail: dclark@pattersonsheridan.com

ATTORNEYS FOR DEFENDANTS
YORK SOUTHERN, INC., ELLIS MELTON
COMPANY, INC., and PRESLEY MELTON

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of "DEFENDANTS' NOTICE OF REMOVAL" was served on the parties listed below, via ☐ hand delivery, ☑ first class mail, ☐ facsimile, and/or ☐ electronic mail on this 24th day of January, 2006.

        Jeffrey R. Parsons
        W. Michael Scott
        Bruce C. Morris
        David A. Walton
        BEIRNE, MAYNARD & PARSONS, LLP
        1300 Post Oak Blvd., 25th Floor
        Houston, Texas 77056

                                  Douglas H. Elliott

## INDEX OF DOCUMENTS FILED
## WITH REMOVAL ACTION

(a)      Plaintiff's Original Petition (Exhibit "A")

## LIST OF ATTORNEYS/PARTIES

1.    Jeffrey R. Parsons
SBN: 15547200
W. Michael Scott
SBN: 17918420
Bruce C. Morris
SBN: 14469850
David A. Walton
SBN: 24042120
BEIRNE, MAYNARD & PARSONS, LLP
1300 Post Oak Blvd., 25th Floor
Houston, Texas 77056
(713) 623-0887 (Telephone)
(713) 960-1527 (Facsimile)

ATTORNEYS FOR PLAINTIFF THE YORK GROUP, INC.

2.    Douglas H. Elliott
SBN: 06535900
David L. Clark
SBN: 24036367
PATTERSON & SHERIDAN, LLP
3040 Post Oak Blvd., Suite 1500
Houston, Texas 77056
(713) 623-4844 (Telephone)
(713) 623-4846 (Facsimile)

ATTORNEYS FOR DEFENDANTS YORK SOUTHERN, INC.,
ELLIS MELTON COMPANY, INC., AND PRESLEY MELTON

Cause No. **2005-81937**

| | | |
|---|---|---|
| THE YORK GROUP, INC., | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| YORK SOUTHERN, INC., ELLIS MELTON | § | |
| COMPANY, INC., and PRESLEY MELTON | § | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff, The York Group, Inc., ("York") files this Plaintiff's Original Petition complaining of defendants York Southern, Inc. ("York Southern"), Ellis Melton Company, Inc. ("Melton Company"), and Presley Melton ("Melton")(collectively hereinafter, "Defendants"). In support thereof, Plaintiff would respectfully show unto this Court as follows:

### I.

### INTRODUCTION

1.      This is an action for breach of contract, unfair competition, and tortious interference with contract and business expectancies.  York is one of the oldest and largest manufacturers of caskets in the United States, a respected industry leader.  York's products, trademarks and other marks are associated with high-quality.  York sells to distributors who, in turn, sell to funeral homes throughout the United States.

2.      This action is made necessary because Defendants, acting individually and in concert with others, have caused to be imported into the United States caskets made in China, which are "counterfeits" of York's products ("Chinese caskets").  Defendants Melton Company

EXHIBIT
A

and/or York Southern have purchased and sold these counterfeit caskets in the U.S., by "passing off" these caskets as York products, and they have used their position as a York distributor and/or as a member of the York Distributors Association to facilitate the "passing off". Defendants have used or conspired to use York designs, trademarks and other marks to facilitate the "passing off". All of Defendants' actions have been calculated to mislead purchasers as to the nature, characteristics, qualities, and/or source of the counterfeit caskets. In sum, Defendants have attempted to create the impression that the counterfeits are products affiliated with York, when they are not. As such, Defendants' conduct violates federal and state trademark infringement, unfair competition, and other laws. Defendants' wrongful conduct has caused York substantial damages and York hereby sues to recover all such damages.

3.      Additionally, Melton Company entered into a Distributor Agreement with York. Upon information and belief, Melton Company subsequently merged with and/or changed its name to York Southern, Inc. Melton Company and/or York Southern materially breached the obligations of that contract and such breaches have damaged York. Thus, York also sues Melton Company and York Southern for breach of contract and all damages caused by such breach.

4.      Finally, Defendants have wrongfully interfered with York's contractual obligations and business expectancies. Accordingly, York sues Defendants for tortious interference with contract and prospective business expectancies.

## II.

## PARTIES

5.      Plaintiff York is a Delaware corporation with its principal place of business at Two North Shore Centre, Pittsburgh, Pennsylvania.

---

6.      All of the Defendants have engaged in business in the State of Texas.  None maintain a designated agent for service of process in Texas.  Accordingly, all may be served with process by serving the Texas Secretary of State, pursuant to Sections 17.044 and 17.045 of the TEX. CIV. PRAC. & REM. CODE.

7.      Defendant Melton Company, upon information and belief, is an Arkansas corporation with its home office at 5900 Patterson Rd., Little Rock, AR  72209-2451.  Melton Company may be served with process by serving the Texas Secretary of State.

8.      Defendant York Southern, upon information and belief, is an Arkansas corporation with its home office at 5900 Patterson Rd., Little Rock, AR  72209-2451.  York Southern may be served with process by serving the Texas Secretary of State.

9.      Defendant Melton, upon information and belief, is an Arkansas resident, who may be served at 5900 Patterson Rd., Little Rock, AR  72209-2451.  Melton may be served with process by serving the Texas Secretary of State.

## III.

### JURISDICTION AND VENUE

10.      This Court has personal jurisdiction over Defendants because a substantial part of the events giving rise to these causes of action occurred in Texas.  Alternatively, each of the Defendants have sufficient contacts with the State of Texas to comply with the relevant constitutional and statutory requirements.  This Court has subject matter jurisdiction because the matters in controversy fall within this Court's general jurisdiction, and the amount in controversy exceeds this Court's minimum jurisdictional limits.

11.      Venue is proper in Harris County, Texas, because by written contract, Melton Company and/or York Southern agreed that Harris County, Texas shall be the proper place of venue for all actions relating to the Distributor Agreement (and this action does relate to that

contract). In addition, upon information and belief, venue is proper because a substantial part of the cause of action arose. in Harris County. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) (Vernon 1998). Venue is proper over all Defendants because venue is proper over at least one Defendant and the claims arise out of the same series of transactions or occurrences. TEX. CIV. PRAC. & REM. CODE § 15.005.

**IV.**

**FACTS**

**A.     Contractual Obligations of York Southern and Melton Company to York**

12.     Since at least the 1930's, York and its predecessors have been and is now engaged in the design, manufacture, advertising, distribution and sale of, among other things, metal and wood caskets for use in the funeral industry throughout the United States. In addition to being one of the largest domestic manufacturer of all-wood caskets, York is one of the leading manufacturers and sellers of caskets in the world.

13.     Melton Company entered into a Distributor Agreement with York providing for the distribution of York caskets in 1997. In 2001, a First Amendment to Distributor Agreement was executed (The Distributor Agreement and the First Amendment to Distributor Agreement are collectively referred to hereafter as the "Contract," and are incorporated herein by reference). Upon information and belief, Melton Company subsequently merged with and/or changed its name to York Southern, Inc. Nevertheless, the Contract continued to be in effect, and the parties continued to conduct business thereunder. Under the Contract, Melton Company and/or York Southern acknowledged, *inter alia,* York's exclusive ownership of all York "trademarks, trade names, servicemarks, copyrights, patents, brand names, labels, symbols or other proprietary rights, including the trade dress of York's products (collectively, the 'Marks')", and Melton Company and/or York Southern were contractually obligated not to use those Marks in any

manner that would diminish "York's interests in the Marks" or any manner "tending to impair or damage the Marks." Melton Company and/or York Southern also agreed to use its "good faith best efforts" to actively and aggressively promote and sell York's products. Additionally, Melton Company and/or York Southern agreed that venue of any dispute related to the Contract would lie exclusively in Houston, Texas and that Texas law would govern. By causing the Chinese caskets to be imported, marketed, distributed and sold in the U.S., Melton Company and/or York Southern breached the Contracts with York, damaged and continues to damage York, and York sues herein to recover all its damages.

14.     York also agreed that Melton Company and/or York Southern could receive discounts on the purchase of York products and Melton Company and/or York Southern received such discounts. Because they were in breach of the Contract, Melton Company and/or York Southern should not have received such discounts and York has been damaged thereby and sues to recover all such damages.

15.     For years, York has identified its caskets by use of the Marks in marketing, advertising, distribution, and sales of the products, throughout the United States. The value of the York Marks to the success of York is immense. The York Marks have acquired widespread recognition, distinction and value in the industry. By their breach of the Contract, Melton Company and/or York Southern have done damage to the York Marks and thereby to York. As the exclusive owner of the Marks, York has the right to enforce and sue others for infringements of the York Marks and York hereby sues in breach of contract for all damages caused by Defendants, and under other theories described below.

**B.      Defendants' Tortious Activities Against Plaintiff**

16.      Defendants have engaged in tortious conduct that included a scheme by which counterfeit's of York caskets were manufactured in China and then imported into the U.S. to be distributed, marketed, sold and "passed off" as products of York.   The scheme has been advanced by means of various artifices and devices, including but not limited to the improper use of York's Marks such as York's brand names, trade dress and other proprietary interests.   For example, York manufactures and sells a large number of distinctive caskets under the name "Sterling".   Using their various wrongful, artifices and devices, Defendants have caused to be imported, marketed, distributed and sold various Chinese caskets using the same or similar name—"Sterling"—and bearing the same or similar trade dress and other characteristics as the York Sterling.   Defendants' scheme to "pass off" the Chinese caskets as products of York has extended not only to the York "Sterling" but to many other York caskets.   Defendants have also advanced their wrongful scheme by failing to place a mark on the Chinese caskets to alert customers that the product was made in China.   This failure to designate the country of origin is in blatant violation of the laws of the United States.   Defendants have also advanced their wrongful scheme by marking the caskets only with the word "Horizon" and including in some of the caskets a "Horizon" warranty (without noting that "Horizon" is not a product line of York, that "Horizon" is not affiliated with York, and that the "Horizon" company is an undercapitalized shell company that has no affiliation with York).

17.      The foregoing conduct by Defendants constitutes unfair competition in violation of state law and federal law, including the Lanham Act.

18.      Defendants knew that their conduct interfered with York's contracts with others, including York's distributors and various funeral professionals.   Defendants knew that the

interference would make such contracts less valuable to York.   Nevertheless, Defendants intentionally interfered with York's contracts.   Such conduct constitutes tortious interference with York's contracts and business expectancies.   Such conduct has damaged York and will continue to damage York in the future.

19.     Defendants' conduct is likely to cause, and has caused, confusion in the marketplace as to the nature, characteristics, qualities and source of origin of the Chinese caskets and damage to York and such damage will continue in the future.

20.     Defendants wrongful conduct is without authority or license from York.

21.     Upon information and belief, Defendants' unlawful actions were willful, deliberate, and committed with blatant disregard of York's property rights resulting in Defendants unfairly receiving the benefits of goodwill built up at great labor, time and expense by York.

22.     The deliberate acts of Defendants caused, and will continue to cause, monetary damages and irreparable harm to the reputation and goodwill of York.   Damages alone are inadequate to fully compensate York for the harm caused, and which will be caused in the future, by such acts.

23.     In addition, Defendants' use of the York Marks to sell low-quality Chinese-made counterfeit caskets without adequately informing the buying public of the true origins and nature of the caskets has injured and is likely to injure York's business reputation and is likely to dilute the distinctive quality of the York Marks.

24.     All conditions precedent to York's causes of action asserted in this Petition have been performed or have occurred.

## V.

## CAUSES OF ACTION

### Count I—Injunctive Relief Against All Defendants

25. York re-alleges and incorporates by reference the preceding paragraphs of this Petition. By virtue of the foregoing, York has demonstrated a likelihood of success on the merits and that the balancing of the equities favors the issuance of a temporary injunction against Defendants.

26. The acts of Defendants complained of herein have jeopardized and continue to jeopardize the goodwill of York and its valuable trademarks. Such acts have caused, and are continuing to cause, irreparable injury to York.

27. Unless Defendants' acts are enjoined by this Court, they will continue to cause irreparable harm to York as it has no adequate remedy at law.

28. Accordingly, upon hearing, York requests that a temporary injunction be issued and remain in effect until such time as a permanent injunction can be entered to protect York's interests, which: enjoins each of the Defendants, their officers, agents, servants, employees, attorneys, and all other persons acting in concert or participation with any of them who receive actual notice of the order by personal service or otherwise from using for any purpose York's trademarks or any confusing similar marks in selling caskets including, but not limited to, removal of all references to the York Marks, or confusingly similar ones, from Defendants' websites and refraining from publishing or distributing any catalogs, product lists, price lists, labels, invoices, or other materials incorporating or referencing the York Marks, or confusingly similar ones.

29. York also seeks to enjoin any and all other related acts this Court deems appropriate for injunctive relief, either temporary or permanent in nature.

**Count II—Unfair Competition and Trademark Infringement Against All Defendants**

30.     York re-alleges and incorporates by reference the preceding paragraphs of this Petition.

31.     York has expended substantial money and effort advertising and promoting its caskets under the distinctive York Marks and, as a result of such advertising and promotion, the York Marks have come to mean and are understood to mean a certain casket manufactured and/or sold by York, and are the means by which those caskets are distinguishable from the products of others in the same or related fields.

32.     In violation of the Lanham Act, Defendants have systematically advertised, marketed, sold, offered for sale and/or distributed and are continuing to advertise, market, sell, offer for sale and/or distribute Defendants' caskets using the York Marks. Such activities are likely to cause confusion, mistake, or deception as to the source and true status of the products being marketed and sold by Defendants using the York Marks. Accordingly, such activities are contrary to the prohibitions of the Lanham Act, to the harm of York and the consuming public.

33.     Defendants' advertising, sale, offering for sale and/or distribution of caskets using York's distinctive brand names, trade dress, and other proprietary interests constitute false designations of origin and false descriptions or representations of those same goods in violation of 15 U.S.C. § 1125(a).

34.     The acts of Defendants also constitutes unfair competition under the common law of the State of Texas. As a direct and proximate result of the foregoing acts by Defendants, York was caused to suffer damages which it seeks recovery herein.

**Count III—Breach of Contract Against Melton Company and York Southern**

35.     York re-alleges and incorporates by reference the preceding paragraphs of this Petition.

36.     On or about January 1, 1997, York and Melton Company entered into the Contract, a distribution agreement which was later amended on January 30, 2001.   Upon information and belief, Melton Company subsequently either merged with or changed its name to York Southern, Inc.  Pertinent provisions of the Contract provide:

Section 4.1     Ownership of Marks.

    Distributor acknowledges York's exclusive ownership of York's trademarks, trade names, servicemarks, copyrights, patents, brand names, labels, symbols or other proprietary rights (collectively, the "Marks") ....

    Distributor shall use the Marks in such a manner so as best to preserve York's interests in the Marks, and Distributor shall not acquire any right or interest, legal, equitable, or otherwise ....

Section 4.2     Use of Marks.

    Distributor shall not, at any time during or **after** the Term, register or use any mark that is similar to a Mark by itself or in combination with any other words, symbols or designs without the express written authorization of York. (emphasis added).

    * * *

Section 5.1     Obligations of Distributor.  Distributor shall at all times during the Term perform as follows, and Distributor agrees that any failure to so perform shall constitute a material default under this Agreement.

    * * *

    (c)     Use its good faith best effort actively and aggressively to sell and promote the sale of the Products; . . . .

    * * *

Section 6.6     Obligations Upon Termination.

    Upon termination of this Agreement for any reason:

    (a)     Distributor ... shall not do any other act tending to impair or damage the Marks.  (emphasis added).

37.    In breach of these provisions, Melton Company and/or York Southern has, among other actions, been intentionally and willfully selling low quality, counterfeit Chinese caskets using the York Marks. As a direct and proximate result of the foregoing acts by Melton Company and/or York Southern, York was caused to suffer damages for which it seeks recovery herein.

38.    Beginning January 1, 2003, York and Melton Company agreed that Melton Company could receive more substantial discounts on its purchase of York products if it met certain minimum purchase requirements. Melton Company and/or York Southern took the discounts, but upon information and belief, they breached the minimum purchase obligation by purchasing the Chinese caskets. York seeks the discounts it paid Melton Company and/or York Southern as damages for the breach.

39.    Moreover, the Contract specifically provides for venue in Harris County and injunctive relief for any violation of its terms. York hereby invokes such provisions in support of its request for injunctive relief, set forth above.

## Count IV—Tortious Interference Against Defendants

40.    York re-alleges and incorporates by reference the preceding paragraphs of this Petition.

41.    Upon information and belief, Defendants have wrongfully interfered with York's contractual obligations and business expectancies. Accordingly, York sues Defendants for tortious interference with contract and tortious interference with prospective business relations. As a direct and proximate result of the foregoing acts by Defendants, York has suffered damages.

### Count V—Conspiracy Against All Defendants

42.     York re-alleges and incorporates by reference the preceding paragraphs of this Petition.

43.     Upon information and belief, Defendants have intentionally agreed to conspire and did conspire with one another and/or others to import, sell or offer to unlawfully sell low quality, counterfeit Chinese caskets using the York Marks.  Upon information and belief, each such Defendant took specific overt actions to further the conspiracy.  As a direct and proximate result of the foregoing acts by Defendants, York has suffered damages.

### Count VI—Accounting Against All Defendants

44.     York re-alleges and incorporates by reference the preceding paragraphs of this Petition.

45.     York respectfully requests this Court to order Defendants to account to York for any profits derived by them because of the acts complained of herein.

### VI.

### **JURY DEMAND**

46.     Plaintiff respectfully requests, pursuant to Rule 216 of the Texas Rules of Civil Procedure, that it be entitled to a trial by jury on all issues.  The requisite jury fee is being tendered at the time of the filing of this Jury Demand.

WHEREFORE, Plaintiff York respectfully requests that Defendants be cited to appear and answer herein and that this Court order the following relief and/or that upon a trial on the merits of this cause, York recover from Defendants as follows:

(1)     Accounting.  An Order requiring Defendants to account to York for any and all profits derived by Defendants as a result of any acts complained of herein;

(2)     Compensatory Damages.  That York be awarded compensatory and/or statutory damages in an amount yet to be determined because of Defendants' acts

complained of herein to the maximum amount allowed under the Lanham Act, and all other laws, statutes and common law affording such relief;

(3) <u>Enhanced Damages</u>. That York be awarded enhanced damages in an amount yet to be determined because of Defendants' acts complained of herein to the maximum amount allowed under the Lanham Act and/or all other laws, statutes and common law affording such relief;

(4) <u>Punitive Damages</u>. That York be awarded punitive damages in an amount yet to be determined;

(5) <u>Costs, Interest and Attorneys Fees</u>. That York be awarded costs, pre-judgment and post-judgment interest, and attorneys' fees incurred in this action in accordance with the Lanham Act, TEX. CIV. PRAC. & REM. CODE § 38.001 *et seq.* and all other laws and statutes affording such relief;

(6) <u>Destruction of Infringing Counterfeit Caskets, Marketing Materials and Photographs</u>. That in accordance with the Lanham Act (15 U.S.C. § 1118) and relevant case law, after a finding of infringement, Defendants be required to remove from their websites all references to the York Marks and references to and/or photographs of York's caskets and to deliver up for destruction all counterfeit caskets, catalogs and other marketing and promotional literature that incorporate the York Marks or York's Copyrighted Materials;

(7) <u>Destruction of Other Infringing Items</u>. That in accordance with Lanham Act and relevant case law, Defendants be required to deliver up for destruction any and all boxes, containers, labels, signs, prints, packaging, wrappers, receptacles, catalogs, advertisements, displays, invoices, or other materials in Defendants' custody, possession, or control bearing the York Marks or any colorable imitation thereof;

(8) <u>Injunctive relief</u>. That this Court enter a Permanent Injunction that:

(a) enjoins each of the Defendants, their officers, agents, servants, employees, attorneys, and all other persons acting in concert or participation with any of them who receive actual notice of the order by personal service or otherwise from using for any purpose York's trademarks or any confusing similar marks in selling caskets including, but not limited to, removal of all references to the York Marks, or confusingly similar ones, from Defendants' websites and refraining from publishing or distributing any catalogs, product lists, price lists, labels, invoices, or other materials incorporating or referencing the York Marks, or confusingly similar ones; and

(b) enjoins each of the Defendants, their officers, agents, servants, employees, attorneys, and all other persons acting in concert or

---

participation with any of them who receive actual notice of the order by personal service or otherwise from publishing or distributing any materials, including Defendants' websites, that picture or offer for sale any product incorporating York Marks or caskets.

(9)   <u>Relief</u>.  That this Court award Plaintiff York all such other and further relief as this Court deems just and proper.

Respectfully submitted,

BEIRNE, MAYNARD & PARSONS, L.L.P.

By:   _____

Jeffrey R. Parsons
Texas Bar No. 15547200
W. Michael Scott
Texas Bar No. 17918420
Bruce C. Morris
Texas Bar No. 14469850
David A. Walton
Texas Bar No. 24042120
1300 Post Oak Blvd, 25th Floor
Houston, Texas  77056
Telephone:  (713) 623-0887
Facsimile:  (713) 960-1527

ATTORNEYS FOR PLAINTIFF
THE YORK GROUP, INC.

606021v.1  iManage 050425

CAUSE NO. 200581937

RECEIPT NO. 252938          0.00          ATY
12-30-2005                TR # 71997862

PLAINTIFF: YORK GROUP INC
vs.
DEFENDANT: YORK SOUTHERN INC

In The 152nd
Judicial District Court
of Harris County, Texas
152ND DISTRICT COURT
Houston, TX

CITATION (SECRETARY OF STATE)

THE STATE OF TEXAS
County of Harris

RECEIVED
SECRETARY OF STATE

JAN 09 2006
11:00AM
CITATIONS UNIT

TO: MELTON, PRESLEY BY SERVING THE TEXAS SECRETARY OF STATE
CITATIONS UNIT P O BOX 12079 AUSTIN TEXAS 78711-2079 FORWARD TO
5900 PATTERSON RD  LITTLE ROCK AR 722092451

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 30th day of December, 2005, in the above cited cause number
and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
This citation was issued on 3rd day of January, 2006, under my hand and
seal of said Court.

Issued at request of:
WALTON, DAVID ALAN
1300 POST OAK #2500
HOUSTON, TX 77056
Tel: (713) 623-0887
Bar No.: 24042120

CHARLES BACARISSE, District Clerk
Harris County, Texas
301 Fannin        Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
BY
Deputy GILLESPIE, JACQUELYN 2MA/Q8K/7423695

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock _____ .M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock _____.M., on the ____ day of _____,

_____, by delivering to _____ defendant, in person, a
true copy of this Citation together with the accompanying _____     copy(ies) of the
                                                                      Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

Fee: $_____          116395 -1          _____

                                           _____ of _____ County, Texas

_____          By _____
        Affiant                                    Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared . After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
                                           Notary Public

CAUSE NO. 200581937

|  |  |  |
|---|---|---|
| RECEIPT NO. 252938 | 0.00 | ATY |
| 12-30-2005 |  | TR # 71997860 |

PLAINTIFF: YORK GROUP INC

vs.

DEFENDANT: YORK SOUTHERN INC

In The  152nd
Judicial District Court
of Harris County, Texas
152ND DISTRICT COURT
Houston, TX

CITATION (SECRETARY OF STATE FOREIGN CORPORATION)

THE STATE OF TEXAS
County of Harris

TO: YORK SOUTHERN INC (ARKANSAS CORPORATION) BY SERVING THE TEXAS
    SECRETARY OF STATE CITATIONS UNIT P O BOX 12079 AUSTIN TEXAS 78711-2079
    FORWARD TO
    5900 PATTERSON RD   LITTLE ROCK AR 722092451

RECEIVED
SECRETARY OF STATE
JAN 0 9 2006
11:00 AM
CITATIONS UNIT

        Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 30th day of December, 2005, in the above cited cause number
and court. The instrument attached describes the claim against you.

        YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
        This citation was issued on 3rd day of January, 2006, under my hand and
seal of said Court.

Issued at request of:
WALTON, DAVID ALAN
1300 POST OAK #2500
HOUSTON, TX 77056
Tel: (713) 623-0887
Bar No.: 24042120

CHARLES BACARISSE, District Clerk
Harris County, Texas
301 Fannin        Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

BY _____
Deputy GILLESPIE, JACQUELYN 2MA/Q8K/7423695

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____ .M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock _____.M., on the ____ day of _____,

_____, by delivering to _____ defendant, in person, a
true copy of this Citation together with the accompanying _____ copy(ies) of the
                                                                              Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

Fee: $_____        116395 ~2        _____

                                        _____ of _____ County, Texas

_____        By _____
        Affiant                                        Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared . After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
        Notary Public

CAUSE NO. 200581937

| RECEIPT NO. 252938 | 0.00 | ATY |
|---|---|---|
| 12-30-2005 | TR # 71997861 | |

PLAINTIFF: YORK GROUP INC
vs.
DEFENDANT: YORK SOUTHERN INC

In The 152nd
Judicial District Court
of Harris County, Texas
152ND DISTRICT COURT
Houston, TX

CITATION (SECRETARY OF STATE FOREIGN CORPORATION)

THE STATE OF TEXAS
County of Harris

TO: ELLIS MELTON COMPANY INC (ARKANSAS CORPORATION) BY SERVING THE TEXAS
SECRETARY OF STATE CITATIONS UNIT P O BOX 12079 AUSTIN TEXAS 78711-2079 RECEIVED
FORWARD TO                                                                    SECRETARY OF STATE
5900 PATTERSON RD   LITTLE ROCK AR 722092451

JAN 09 2006
11:00AM
CITATIONS UNIT

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 30th day of December, 2005, in the above cited cause number
and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
This citation was issued on 3rd day of January, 2006, under my hand and
seal of said Court.

Issued at request of:
WALTON, DAVID ALAN
1300 POST OAK #2500
HOUSTON, TX 77056
Tel: (713) 623-0887
Bar No.: 24042120

( Seal )

CHARLES BACARISSE, District Clerk
Harris County, Texas
301 Fannin      Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

BY _____
Deputy GILLESPIE, JACQUELYN 2MA/Q8K/7423695

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____ .M., on the _____ day of _____, _____

Executed at (address) _____ in

_____ County at _____ o'clock _____.M., on the ____ day of _____,

_____, by delivering to _____ defendant, in person, a
true copy of this Citation together with the accompanying _____          copy(ies) of the
Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____

Fee: $_____          **116395 - 3**          _____

_____ of _____ County, Texas

By _____
_____          Deputy
Affiant

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared . After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____

_____
Notary Public