# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| THE YORK GROUP, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-0262 |
| | § | |
| YORK SOUTHERN, INC., *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

    This is a civil commercial lawsuit brought by Plaintiff The York Group, Inc. ("York") against York Southern, Inc., Ellis Melton Company, Inc.,[1] Melton Company, Inc., Presley Melton, Mark Melton, and Adam Melton. All Defendants have filed a joint Motion for Partial Summary Judgment ("Motion") [Doc. # 14] seeking summary judgment on York's claim that they breached a clause in their Distribution Agreement ("the Agreement") requiring them to use their best efforts to promote and sell York's products. York has filed a response [Doc. # 17] ("Response"), and Defendants have filed a Reply [Doc. # 20]. Having considered the parties' submissions, all matters of record, and applicable legal authorities, the Court concludes that Defendants' Motion for Partial Summary Judgment should be **granted**.

---

[1]     According to Defendants, Ellis Melton Company, Inc. and York Southern, Inc. are the same entity. Defendants have informed the Court that the Melton Company changed its name to York Southern "for a period of time, but recently returned to its original name."

**I.    FACTUAL BACKGROUND**

The undisputed evidence in the summary judgment record establishes the following facts. York manufactures caskets which are purchased by distributors who, in turn, sell them to funeral homes throughout the United States. York manufacturers caskets and funerary items, some of which it sells through a number of distributors. York and Defendants entered into the Distribution Agreement in 1997. The Agreement was terminated at the end of 2005. Section 1.2(b) of the Agreement stipulates that the distributor (Defendants) will use "its best efforts to promote, sell, and serve York-brand caskets." Section 5.1(c) directs the distributor to use "its good faith best efforts actively and aggressively to sell and promote the sale of the Products." York accuses Defendants of violating these provisions of the Agreement by collaborating with other distributors and retailers of its products to compete with York by manufacturing, importing, and distributing Chinese caskets that are copies of York's proprietary designs. According to York, Defendants' attempts to promote and sell competing, imported caskets are clear violations of Sections 1.2(b) and 5.1(c).

The Agreement contains a choice of law provision that specifies Texas law shall control any dispute over the validity of the contract.

**II.   SUMMARY JUDGMENT STANDARD**

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case for which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322-23; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)). However, if the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the non-movant's response. *ExxonMobil Corp.*, 289 F.3d at 375.

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). "An

issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and the inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only when there is an actual controversy—that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002) (noting that unsworn pleadings do not constitute proper summary judgment evidence). Likewise, "unsubstantiated or conclusory assertions that a fact issue exists" do not meet this burden. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). Instead, the nonmoving party must present specific facts which show "the existence of a 'genuine' issue concerning every essential component of its case." *Id.* In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

### III.   VALIDITY OF "BEST EFFORTS" CLAUSES

Defendants argue that the "best efforts" clauses in the Agreement are unenforceable under Texas law. The leading case in Texas on the issue of the validity of "best efforts" clauses is *CKB & Associates, Inc. v. Moore McCormack Petroleum, Inc.*, 809 S.W.2d 577, 581-82 (Tex.App.—Dallas 1991, writ denied).[2] In *CBK & Associates*, an oil producer sued a petrochemical refiner for not using its best efforts, as required by the parties' contract, to meet agreed-upon production targets. The court characterized "best efforts" as a "nebulous standard," and held that "to be enforceable, a best efforts contract must set some kind of goal or guideline against which best efforts may be measured." *Id*. The Fifth Circuit has recognized and applied this standard. *See Gonzalez v. Denning*, 394 F.3d 388, 393 n.13 (5th Cir. 2004); *Herrmann Holdings Ltd. v. Lucent Tech. Inc.*, 302 F.3d 552, 559 (5th Cir. 2002).

York primarily asserts factual arguments in support of its "best efforts" breach of contract claim and in opposition to Defendants' summary judgment motion. York's factual arguments are beside the point. The issue is a legal one. Under Texas law and the Fifth

---

[2]   Pursuant to the parties' choice of law provision in the Agreement, the Court must apply Texas law to the breach of contract claims. The Texas Supreme Court has not yet ruled on the enforceability of the best efforts clauses in breach of contract actions. This Court must "guess" what the Supreme Court would most likely decide. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 79-80 (1938); *Herrmann Holdings*, 302 F.3d at 558 (citing *United Parcel Serv., Inc. v. Weben Indus., Inc.*, 794 F.2d 1005, 1008 (5th Cir. 1986)). In making an *Erie*-guess, intermediate state appellate court decisions govern the analysis "unless convinced by other persuasive data that the highest court of the state would decide otherwise." *Id*. (citing *First Nat'l Bank of Durant v. Trans Terra Corp.*, 142 F.3d 802, 809 (5th Cir. 1998)); *see Blase Indus. Corp. v. Anorad Corp.*, 442 F.3d 235, 239 (5th Cir. 2006); *Price v. City of San Antonio, Tex*., 431 F.3d 890, 893 (5th Cir. 2005).

Circuit's interpretation of that law, York's "best efforts" breach of contract claim is not viable.

York's legal argument in response to Defendants' citations is that the *CKB* standard should not apply. York instead asserts that "the Fifth Circuit [in *Herrmann Holdings*] held that following the district court's narrow application of *CKB* would render contracts meaningless in regard to the enforceability of a 'best efforts' provision." Response [Doc. # 17], at 14. The Court disagrees. *Hermann Holdings* clearly and unambiguously endorses the application of *CKB* to the analysis of "best efforts" clauses. *Herrmann Holdings*, 302 F.3d 552 at 559 ("Being *Erie*-bound, the district court was correct in relying on the analysis in *CKB* to determine whether the Herrmanns stated a claim against Lucent for breach of its obligation to use best efforts."). *Herrmann Holdings* found fault only with the district court's determination that the goal or guideline in the contract at issue was the fulfillment of the underlying purpose of the contract.

Here, Defendants correctly point out that there is no goal or guideline in the Agreement that could satisfy the *CKB* standard. York makes no effort to identify such a goal or guideline. Accordingly, there is no genuine issue of material fact as to whether these "best efforts" clauses may support an action for breach of contract, and summary judgment dismissing the "best efforts" claim is warranted.

## IV.   CONCLUSION

Defendants have demonstrated that Sections 1.2(b) and 5.1(c) their Agreement with Plaintiff The York Group, Inc., are unenforceable as a matter of Texas law. It is therefore

**ORDERED** that the Motion for Partial Summary Judgment [Doc. # 14] filed by all Defendants is **GRANTED**, and The York Group, Inc.'s "best efforts" breach of contract claim is **DISMISSED**.

**SIGNED** at Houston, Texas, this **10th** day of **October, 2006.**

_____
Nancy F. Atlas
United States District Judge