IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE YORK GROUP, INC., § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-06-0262 | |
| § | | |
| YORK SOUTHERN, INC., *et al.*, § | | |
|     Defendants. § | | |

## **ORDER**

This is a civil commercial lawsuit brought by Plaintiff The York Group, Inc. ("York") against York Southern, Inc., Ellis Melton Company, Inc.,[1] Melton Company, Inc., Presley Melton, Mark Melton, and Adam Melton (collectively, "Defendants"). Defendants have filed a Motion for Partial Summary Judgment ("Motion") [Doc. # 62] seeking summary judgment on York's claim that they infringed on the trade dress of York's line of caskets. York has responded [Doc. # 67], Defendants replied [Doc. # 69], and York filed a surreply [Doc. # 75]. Having considered the parties' submissions, all matters of record, and applicable legal authorities, the Court concludes that Defendants' Motion should be **denied**.

---

[1] According to Defendants, Ellis Melton Company, Inc. and York Southern, Inc. are the same entity. Defendants have informed the Court that the Melton Company changed its name to York Southern "for a period of time, but recently returned to its original name."

Defendants argue that, to support a claim for trade dress infringement, York must identify "(a) design elements of its trade dress that are source-identifying and not merely aesthetically functional; (b) a 'recognizable and consistent overall look' for its casket line that includes those design elements; and (c) evidence of 'secondary meaning' associated with that 'overall look.'"[2] York has failed to do so, Defendants contend, and because a "casket is a casket . . . . , *York owns no proprietary trade dress in its caskets*."[3] Nor, according to Defendants, has York has identified any "evidence of actual confusion or likelihood of confusion based on its alleged 'trade dress.'"[4] Defendants urge the Court to grant summary judgment dismissing York's trade dress infringement claim, either because there was no trade dress to infringe or because, if there was trade dress, York has failed to show evidence of actual or likely confusion.

York does not contest these arguments (although it does not expressly concede them). York instead insists that it has not made any trade dress claim on which summary judgment may be granted. York urges that Defendants' Motion is "nothing more than a request for an advisory opinion."[5]

---

[2]  Motion, at 4 (quoting *Pebble Beach Co. v. Tour 18 I Ltd.*, 155 F.3d 526, 536 (5th Cir. 1998); *Berg v. Symons*, 393 F. Supp. 2d 525, 549 (S.D. Tex. 2005)).

[3]  Motion, at 2 (emphasis original).

[4]  *Id.*

[5]  Response, at 3.

The Court concludes that Defendants' Motion should be denied. It is true that, in the broadest sense, the Amended Complaint could be read to include a claim of trade dress infringement under federal notice pleading standards.[6]  *See* FED. R. CIV. P. 8(a). York, however, points to statements made by its corporate representative and its counsel during discovery that put Defendants on notice that it was not making a trade dress claim.[7]

The Court accepts York's construction of its own claims. York, in this and a related case, has explicitly disclaimed any intent to press a trade dress infringement cause of action.[8]  The Court relies on and holds York to these representations. The

---

[6] *See* Amended Complaint [Doc. # 12], at 10, ¶ 33 (Asserting, in a section titled "Unfair Competition and Trademark Infringement Against the Melton Defendants," that "[t]he conspirators' use of York's . . . trade dress . . . to facilitate the Chinese casket scheme violates the Lanham Act."). York asserts that it "only uses the term 'trade dress' in its pleadings as a general reference to the appearance of York's caskets . . . for the purposes of York's allegations and claims." Response [Doc. # 67], at 2. It is unclear if the Amended Complaint could be said to include any trade dress infringement cause of action, but the Court need not resolve this issue.

[7] *See* Response, at 2 (citing Deposition of Joseph Bartolacci ("Bartolacci Depo."), Response Exhibit A, at 92 ("I don't think we raised a claim with respect to trade dress."); *id.* at 426-27 ("Q: Is York contending that it has a trade dress infringement claim under the Lanham Act? A: We do not.").

[8] *See, e.g.*, Bartolacci Depo. at 92, 426-27. York's representatives have been clear and consistent on this point. Although Bartolacci's deposition was taken in a separate but related case, Civil Action No. H-05-2181 (S.D. Tex.), that matter was consolidated with the instant case for discovery purposes. Defendants do not argue that they were unaware of Bartolacci's statements.

Court therefore declines to imply a trade dress infringement claim in this case and accordingly denies Defendants' Motion as moot.[9]  It is therefore

**ORDERED** that Defendants' Motion for Partial Summary Judgment [Doc. # 62] is **DENIED as moot**.

SIGNED at Houston, Texas, this **17**th day of **April, 2007**.

Nancy F. Atlas
United States District Judge

---

[9]  As a result, judicial estoppel will apply and York will not be permitted hereafter to include any trade dress infringement claim in this suit.